[Civ. No. 7767. First Appellate District, Division One.—September 18, 1931.]

MARYLAND CASUALTY COMPANY (a Corporation), Appellant, v. HARRY O'MEARA et al., Respondents.

John Ralph Wilson for Appellant.

Ford & Johnson and Philip M. Carey for Respondents.

TYLER, P. J.—Action upon an indemnity agreement.

Plaintiff issued a policy of insurance to one G. P. Haiden, insuring him against loss or damages for personal injuries or death sustained by any person by reason of his ownership of certain automobiles used in his business. While the policy was in full force and effect, Herbert O'Meara, a minor, was injured by an automobile owned by Haiden and operated in the scope of his business. Subsequent to the accident, plaintiff casualty company, for and on behalf of Haiden, paid to defendants herein, the parents of the minor, the sum of $250 in full satisfaction of any and all

damages sustained by them by reason of the injury to their minor son. At the time payment was made, defendants executed and delivered to Haiden a certain release and contract of indemnity. This release provided that, by reason of the payment, defendants released and forever discharged Haiden from any and all actions, claims or demands by reason of any damages caused by the accident. The agreement contained the further provision that, in consideration of the payment, defendant H. O'Meara would indemnify and hold harmless the said Haiden for any loss to him which he might be compelled to pay in consequence of the accident. After the entering into of this agreement, Herbert O'Meara, the injured minor, died and his father, Harry O'Meara, who had signed the release and indemnity agreement, sued Haiden for such death and obtained a judgment, which has since become final, for the sum of $10,250. Plaintiff's full liability thereon under its contract of insurance with Haiden, was the sum of $7,146.82, which it paid. Thereupon the present action was brought by plaintiff against O'Meara on the agreement of indemnity executed by O'Meara to Haiden, it being claimed that plaintiff having paid under its policy was subrogated to all rights of Haiden arising out of the release and indemnity agreement. Judgment was prayed for in the sum of $7,146.82, the amount paid by plaintiff under its casualty policy. Defendants demurred to the complaint on various grounds, one of which was that another action was pending between the same parties. The demurrer was sustained without leave to amend and judgment was entered in favor of defendants. The appeal is from such judgment.

The question here presented for our consideration is whether or not the judgment obtained by O'Meara for the death of his minor son (*O'Meara* v. *Haiden,* 204 Cal. 354 [60 A. L. R. 1381, 268 Pac. 334]), is a bar to the present action. We are of the opinion that the facts as set forth in plaintiff's complaint clearly show a prior adjudication of the subject of the controversy. In *O'Meara* v. *Haiden,* *supra,* the entire agreement involving the settlement and release, was before the court and it was declared invalid and ineffective. The contention of appellant that the agreement was divisible into two parts, namely, a release and an indemnity agreement, and that only the portion relating

to the release was held to be invalid is without merit. The agreement as a whole was before the court and it was held that the parties entered into the same without knowledge of the serious injuries the child had suffered, for which reason the release was invalid. The same reason for holding the release to be invalid applies with equal force to the indemnity clause. To hold otherwise would be to render the judgment entirely ineffective, and deprive the person who executed the same of the fruits thereof. The entire agreement was supported by a single consideration and the only reasonable construction that can be given it is that it is insusceptible of severance. Then again, plaintiff's claim is a purely defensive one which was available to it even though it be assumed that it was not squarely presented in *O'Meara* v. *Haiden, supra,* and it is therefore merged in and conclusively adjudicated by the judgment on the merits in the former litigation between the parties, and it cannot be made the basis of a claim in this subsequent action. The validity of the agreement was in issue in the former action and all possible defenses then existing should have been interposed to prevent them from being concluded by the judgment. If plaintiff's claim be sound, it would have afforded a complete defense in the former action, for a judgment against it would have had no legal effect. An adjudication that a party is not entitled to the benefit of a contract is conclusive in subsequent controversies. A contrary holding would be a violation of the principles of *res judicata.*

We conclude, therefore, that the promises contained in the agreement were entire and inseparable and insusceptible of severance, and that the contract *in toto* was before the court in the former action referred to; this being so, that judgment is *res judicata* of the rights of the parties, and the court below properly so held.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.